# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

TERRI WILLINGHAM
                          Plaintiff,

        v.                                          Case No. 3.13 CV 1674 (JBA)
                                                    (To be supplied by the Court)
VISITING NURSE & HEALTH SERVICE CT ,
                          Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.      Plaintiff resides at the following location: 115R Reservoir Avenue, Broad Brook,

Connecticut 06016

2.      Defendant(s) reside(s) at the following location [Attach additional sheets if more

space is required]: Visiting Nurse & Health Services of CT, Inc. (VNHSC) resides at 8 Keynote Drive,

Vernon, CT 06066, Patricia Piela, President & CEO works at VNHSC, 8 Keynote Drive, Vernon, CT 06066

SEE ADDENDUM FOR ITEM 2.

3.      This action is brought pursuant to [Check all spaces that apply to the type of

claim(s) you wish to assert against the Defendant(s)]:

☒       Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et
        seq., for employment discrimination on the basis of race, color, religion, sex, or
        national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. §
        2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g)
        and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☒       Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,
        et seq., for employment discrimination based upon age.  Jurisdiction is alleged
        pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343.  Equitable and other relief is
        sought under 29 U.S.C. §§ 626(b) and (c) or  §§ 633a(b) and (c).

        My Year of Birth is: 1965                         .

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4.  List **all** cases you have filed in this court in the last ten (10) years. Use additional sheets if necessary:

NO PAST CASE FILINGS.

5.  The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

    (A) ☒ Failure to hire me. I was refused a job on the following date(s): ____
           SEE ADDENDUM FOR ITEM 5(A)                                    .

    (B) ☒ Termination of my employment. I was terminated from my
           employment on the following date: SEE ADDENDUM Item 5(B).

    (C) ☐ Failure to promote me. I was refused a promotion on the following
           date(s): _____.

(D)   ☒   Other acts as specified below: FAILURE TO PROVIDE TRAINING.

REFUSED TRAINING IN 2007 FOR HEALTH INFORMATION TECHNOLOGY CERTIFICATION

PROGRAM AT UNIVERSITY OF CONNECTICUT DUE TO BEING NOT JOB RELATED.

JOB DESCRIPTION /OBJECTIVES CORRELATES WITH COURSE DESCRIPTION/OBJECTIVES

SEE ADDENDUM ITEM 5(D)

6.   The conduct of the Defendant(s) was discriminatory because it was based upon: race [☒] color [☒], religion [☐], sex [☐], age [☒], national origin [☐] or disability [☒]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: SEE ADDENDUM FOR ITEM 6.

7.   The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

Denied interviews and multiple positions for which I applied having the required skills and knowledge.

Failure to provide job posting notice internally before hiring within, giving unequal opportunity

Denied job training applied through Human Resource agency education training program.

Wrongful termination:  Handed severance package was told there were no other positions but after

consultation with an attorney, ironically a position became available and I was rehired through legal

legal intervention as a Medical Records Assistant with lesser pay.

8.   The approximate number of persons who are employed by the Defendant employer I am suing is: SEE ADDENDUM 8 .

9.   The alleged discrimination occurred on or about the following date(s) or time period: July 9, 2007 to April 29, 2008

10.     I filed charges with the:

☒     Equal Employment Opportunity Commission

☒     Connecticut Commission on Human Rights and Opportunities

11.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue

letter **(copy attached)**, which I received on or about the following date: August 12, 2013 .

**[NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of

the Notice of Right to Sue letter for this Court to consider your claim(s).  Failure to do so

may result in delaying consideration of your claim(s).]

12.     The EEOC or the CHRO determined that there was no probable cause to believe

that  discrimination occurred.  My reasons for questioning that determination are as

follows [Attach additional sheets, if necessary]: MY CHRO CLAIM WAS PREMATURELY

FINALIZED DUE TO AN OVERSIGHT BY CHRO IN PROCESSING MY RECONSIDERATION ON

MARCH 8, 2013

13.     If relief is not granted, I will be irreparably denied rights secured under the law(s)

referred to in Item Number 3, above.

14.     WHEREFORE, Plaintiff(s) pray(s) that:  The Court grant such relief as may be

deemed appropriate, including **[NOTE:** While all of the forms of relief listed below may

not be available in a particular action, you should place a check next to each form of

relief you seek.):

☒     Injunctive orders (specify the type of injunctive relief sought): TERMINATE

DEFENDANTS FROM THEIR EMPLOYMENT POSITIONS.                                    ;

☒     Backpay;

4

☒ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): __

LOST WAGES, FUTURE PAY, BENEFITS AND PENSION PLAN TOTALING $252,710.00 _____ ;

☒ Other (specify the nature of any additional relief sought, not otherwise

provided for on this form): Punitive Damages $1.5 MILLION _____

_____ ;

AND costs and attorneys' fees.

### JURY DEMAND

I hereby   DO ☒   DO NOT ☐ demand a trial by jury.

_____            _____
Original signature of attorney (if any)    **Plaintiff's Original Signature**

| | |
|---|---|
| | Terri Willingham |
| Printed Name and address | Printed Name and address |
| | 115R Reservoir Avenue |

Broad Brook, CT

(   )                                   ( 860)  305-4644
Attorney's telephone                  Plaintiff's telephone

                                      t.willingham@att.net
Email address if available            Email address if available

Dated:  November 8, 2013

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.
              (location)                        (date)

_____
**Plaintiff's Original Signature**

(Rev. 9/24/08)

6

Addendum for Item 2.

2.    Defendant(s) reside(s) at the following location:

Defendant # 1: Sued in its Corporate Entity

Defendant # 2: Rita Grimes, VP of Quality & Performance Improvement (Sued in Corporate/Individual Capacity) works at VNHSC, 8 Keynote Drive, Vernon, CT 06066 and resides at 153 Pilfershire Rd, Eastford, CT 06242

Defendant # 3: Krystal Anderson, Human Resource Manager (Sued in Corporate/Individual Capacity) works at VNHSC, 8 Keynote Drive, Vernon, CT 06066 and resides at 428 Tunnel Road, Vernon, CT 06066

Defendant # 4: Denise Parenchuck (Sued in Corporate/Individual Capacity) resides at 109 Evergreen Road, Vernon, CT 06066

Defendant # 5: Margaret Brandt (Sued in Corporate/Individual Capacity) resides at 949 Pleasant Valley Road #60, South Windsor, CT and mailing address of PO Box 1321, South Windsor, CT 06074

Addendum for Item 5 (A).

(A) Failure to hire me. I was refused a job on the following date(s):

<u>December 3, 2007</u> for Health Information Management Coordinator;

<u>December 7, 2007</u> for Performance Improvement Assistant;

<u>January 18, 2008</u> for Accounts Payable Clerk

Addendum for Item 5 (B).

(B) Termination of my employment.  I was terminated from my employment on the
    following date(s):

December 17, 2007 I was given a Severance Package and told by because there were
no other positions available. A refusal to agree with the severance I was advised to
seek my own legal counsel then requested to vacate the premises. Upon attorney
consultation with VNHSC a position was offered as a Medical Record Assistant, legally
advised to accept the position.

Rehired and April 29, 2008 terminated without cause.  I had reason to believe it was
because of alleged performance issues and being non-compliant due to my disability
while actively on workers compensation.

Addendum for Item 5 (D).

Program and Course Description:

The Health Information Technology Certificate offered courses for the certificate program. (1) Management and Organization of the U.S. Healthcare System for seeking an understanding of the various components associated with the development of the US health care system. (2) Information Technology and Healthcare IT Infrastructure introduction to healthcare IT concepts, and provides a specific examination of health care IT applications and design.


Job Description at time of training request was the Medical Records Coordinator. Participated as a member in a primary care team model of practice.  Responsible for maintaining the integrity of patient records.

Addendum for Item 6.

6.  The conduct of the Defendant(s) was discriminatory because it was based upon:

Race, religion, age, disability

Age / Race: I was a minority woman in my 40s at the time and I had applied internally for the Performance Improvement Assistance position and was denied the position based on my age and race. A similarly situated white female under the age of 40 with limited to no experience and knowledge in home care applied and did not interview for the same position but was given the position anyway.

Religion: During what should have been a professional meeting between both I and management and I was expressing concerns within workflow process, but Denise Parenchuck, HR Manager was dismissive and showed no regard and made racial connotations regarding my religious background.  When Denise slapped her desk she shouted out loud "Kumbayah"; and then laughed. This was discriminatory in nature because "Kumbayah symbolized my family heritage, and genealogy of any ancestry cries out to the Lord during the slavery period. Growing up we've held our family rituals during Sunday dinner time and we say Kumbayah, Kumbayah which translates to Come by Here My Lord, Oh Come by Here.

Addendum for Item 8.

8. The approximate number of persons who are employed by the Defendant
   employer I am suing is:

   Five individuals
   (1) Patricia Piela for wrongful termination; (2) Rita West for retaliatory actions
   and wrongful termination; (3) Denise Parenchuck for religious discriminatory
   actions and wrongful termination; (4) Margaret Brandt for retaliatory actions
   and wrongful termination because my disability didn't meet job duties; (5)
   Krystal Anderson for wrongful termination because she was aware of my
   disability and reinforced job duties that were inconsistent as an classified ADA
   worker.

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Terri Willingham<br>115-R Reservoir Avenue<br>Broad Brook, CT 06016 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2008-01724 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| X | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*

Feng K. An,
**Acting Director**

AUG 1 2 2013

(Date Mailed)

Enclosures(s)

cc:

VISITING NURSE AND HEALTH SERV
8 Keynote Drive
Vernon, CT 06066

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS     --     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# FACTS ABOUT FILING AN EMPLOYMENT DISCRIMINATION SUIT IN FEDERAL COURT IN THE STATE OF CONNECTICUT

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. A lawsuit can be filed at the following U.S. District Court locations in Connecticut:

- The United States District Courts for the District of Connecticut are located at:

  o The Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut 06103, or by contacting the Clerk of the Court Office at (860) 240-3200

  o 141 Church St., New Haven, Connecticut 06510, or by contacting the Clerk of the Court Office at (203) 773-2140

  o The Brien McMahon Federal Building, 915 LaFayette Blvd., Bridgeport, Connecticut 06604, or by contacting the Clerk of the Court Office at (203) 579-5861

  o 14 Cottage Place, Waterbury, Connecticut 06702, or by contacting the New Haven Clerk of the Court at (203) 773-2140

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit **must** be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT CAN'T AFFORD ONE?

If you can't afford a lawyer the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

| | |
|---|---|
| American Bar Association | (312) 988-5522 |
| The Connecticut State Bar Association | (860) 223-4400 |
| National Employment Lawyers Association Referral Service | (212) 819-9450 |

Your County, City of Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file a suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD ALSO NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.